UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| EMMY L. SCARBOROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CV-286 |
| ) | (PHILLIPS/SHIRLEY) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 15 and 16] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 20 and 21]. Plaintiff Emmy L. Scarborough ("Plaintiff") seeks judicial review of the decision by Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On December 29, 2006, the Plaintiff filed an application for a period of disability, disability insurance benefits, and/or supplemental security income, claiming a period of disability which began on November 15, 2003. [Tr. 616-23]. After her application was initially denied and denied again upon reconsideration, the Plaintiff requested a hearing. [Tr. 590]. On April 10, 2008, a hearing was held before an ALJ to review the Plaintiff's claim. [Tr. 1236-63].

1

On May 26, 2008, the ALJ dismissed the Plaintiff's claim on *res judicata* grounds. [Tr. 526-27]. The ALJ noted that the Plaintiff had previously filed a disability application, but it was dismissed on November 24, 2006. [Tr. 526]. The dismissal was issued after the Plaintiff's insured status expired on September 30, 2005, which became administratively final because she did not request review within the stated time period. [Tr. 526]. The ALJ found that *res judicata* applied because the Plaintiff's present claim involved the same facts and issues that had previously been dismissed by the Social Security Administration. [Tr. 526-27]. The ALJ stated that the deadline should not be extended because the Plaintiff had the mental capacity to understand the procedures for requesting review, and he found that there was no new and material evidence that would support reopening the Plaintiff's case. [Tr. 526].

The Appeals Council accepted the Plaintiff's request for review and vacated and remanded the case to the ALJ. [Tr. 557-60]. The Appeals Council held that *res judicata* only applies if there has been a decision on the same facts and issues. Here, the Appeals Council stated that the ALJ based his decision on the Plaintiff's prior application, but it was unsure if the Plaintiff's prior claim involved the same facts and issues as the Plaintiff's present claim. [Tr. 559]. The Appeals Council continued that although the ALJ indicated that there was no new and material evidence with regard to the Plaintiff's claim, the file does not contain any information as to what evidence was considered in connection with the prior claim. [Tr. 559]. Finally, the Appeals Council requested that the ALJ obtain the Plaintiff's prior claim file and give further consideration of whether *res judicata* applies to the current application. [Tr. 560].

The ALJ held a second hearing on March 31, 2009, and a third hearing on July 1, 2009. [Tr. 1264-1305, 1222-35]. On October 30, 2009, he found that the Plaintiff was not disabled. [Tr.

11-26]. The Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner.

The Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2005.

2. There is no basis in the evidence for reopening and revising the prior final binding determination issued on May 30, 2006. Accordingly, the issue of disability as it relates to the previously adjudicated period is dismissed under 20 CFR 404.988.

3. The claimant did not engage in substantial gainful activity during the period from April 1, 2005 through her date last insured of September 30, 2005. (20 CFR 404.1571. *et seq*.)

4. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease, fibromyalgia, and depression. (20 CFR 404.1520(c)).

5. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity for light work as defined in 20 CFR 404.1567(b), in that she could to lift up to ten pounds frequently and up to twenty pounds occasionally, sit for six hours in an eight hour workday, stand and/or walk for six hours in an eight hour workday; except she cannot be exposed to a high stress work environment, specifically she cannot be expected to meet high or strict production standards, she can relate no more than superficially with coworkers and the public, and she experiences

3

moderate limitations to her capacity to maintain concentration, persistence, or pace for complex tasks and, therefore, is limited to simple work.

7. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

8. The claimant was born on April 18, 1955 and was 50 years old, which is defined as a younger individual age 18-49, on the date of last insured. The clamant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Through the dated last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

12. The claimant was not under a disability, as defined in the Social Security Act, at any time from November 15, 2004, the alleged onset date, through September 30, 2005, the date last insured (20 CFR 404.1520(g)).

[Tr. 14-26].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, a plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is

4

eligible for SSI if he has financial need and he is aged, blind, or under a disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec'y of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. POSITIONS OF THE PARTIES

The Plaintiff presents a single allegation of error.[1] The Plaintiff argues that while the ALJ adopted the testimony of one vocational expert, he failed to evaluate the other vocational expert's testimony in accordance with the Social Security Administration's Appeals, Hearings, and Litigation Law Manual ("HALLEX"). [Doc. 16 at 10-11]. In addition, the Plaintiff also requests that upon remand, a different ALJ be assigned to her case. [Id. at 11].

The Commissioner responds that the ALJ is not required to discuss all of the vocational experts' testimonies. [Doc. 21 at 2]. In addition, the Commissioner argues that the ALJ's decision was in accordance with HALLEX. [Id. at 6].

## V. ANALYSIS

On March 31, 2009, the ALJ held a hearing with regard to the Plaintiff's claim. [Tr. 1265-1305]. Julian Nadolsky, the vocational expert, testified during the hearing. Mr. Nadolsky testified that the Plaintiff was unable to perform past relevant work. [Tr. 1302]. The ALJ asked Mr. Nadolsky if there were any jobs available for a person who experiences neck and back pain, depression, anxiety, fibromyalgia, and mild arthritis in her hands but otherwise normal dexterity. [Tr. 1302]. The ALJ added that such a person could not perform complex or highly detailed tasks

---

[1] The Plaintiff also argues in passing that "the ALJ failed to consider testimony given by claimant." [Doc. 16 at 1]. However, the Plaintiff did not develop this argument in her memorandum. Therefore, the Court will not it. See McPherson v. Kelly, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

8

or work in a high stress environment. [Tr. 1302]. Mr. Nadolsky opined that there were no occupations that such a person could perform. [Tr. 1303]. After hearing Mr. Nadolsky's testimony, the ALJ concluded that he was uncertain that "the evidence supports [Mr. Nadolsky's] degree of limitations." [Tr. 1305].

On July 1, 2009, the ALJ held another hearing with regard to the Plaintiff's claim. [Tr. 1222-35]. The ALJ stated that he wanted testimony from another vocational expert. [Tr. 1225]. James Flynn testified as the vocational expert. [Tr. 1222-35]. The ALJ asked a similar hypothetical to the one posed to Mr. Nadolsky. [Tr. 1229]. Contrary to Mr. Nadolsky's testimony, however, Mr. Flynn testified that based upon the hypothetical, a person could perform work at the light, unskilled level. [Tr. 1231]. Mr. Flynn stated that there were a significant number of jobs available in Tennessee and nationally, such as office clerk general, office administrative support worker, stock clerk, and order filler. [Tr. 1231].

In his decision, the ALJ stated that the vocational expert testified that there were several occupations available to a person with the Plaintiff's residual functional capacity. [Tr. 25]. The ALJ concluded that based upon the vocational expert's testimony, the Plaintiff is "capable of making a successful adjustment to other work that existed in significant numbers in the national economy." [Tr. 25-26]. In addition, the ALJ noted that Mr. Flynn's opinion was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). [Tr. 25]. The ALJ did not include Mr. Nadolsky's testimony in his opinion.

In support of her argument, the Plaintiff cites HALLEX. Specifically, HALLEX states that while the vocational expert's opinion is not binding on the ALJ, the ALJ "must weigh a vocational expert's opinion along with all other evidence." HALLEX I-3-5-48 (SSA), 1994 WL 637379, at *1 (Sept. 28, 2005). Courts have recognized that "[w]hile the HALLEX procedures

9

are binding on the Social Security Administration, they are not binding on courts reviewing the administration's proceedings." Dukes v. Comm'r of Soc. Sec., No. 1:10-cv-436, 2011 WL 4374557, at *9 (S.D. Mich. Sept. 19, 2011); see Bowie v. Comm'r of Soc. Sec., 539 F.3d 395, 399 (6th Cir. 2008) (stating that HALLEX is not binding on courts). The Plaintiff has not cited to any law that supports her argument that the ALJ's failure to follow HALLEX is reversible error. The only cases that support the Plaintiff's argument are two unreported decisions from the Eastern District of Kentucky. See Kalen v. Astrue, No. 10-227-GWU, 2011 WL 1793361, at *3-4 (E.D. Ky. May 11, 2011) (finding that the plaintiff was prejudiced from the failure to follow HALLEX); Caudill v. Astrue, No. 09-70-GWU, 2010 WL 148806, at *4 (E.D. Ky. Jan. 14, 2010).

In Caudill, the court recognized a "split among the Circuits on the issue of whether the Commissioner's failure to follow a provision of HALLEX is reversible error." 2010 WL 148806, at *4. The court stated that the Ninth Circuit found that HALLEX has "no legal force and is not binding," and the Fifth Circuit found that while HALLEX "does not carry the force of law," the agency must follow its own procedures. Id. The court continued, "In absence of a definitive ruling from the Sixth Circuit, the court declines to find that a failure to follow the exact procedures in HALLEX requires reversal absent a convincing showing of prejudice to the plaintiff." Id.[2]

In the present matter, the Court finds that prejudice was clearly shown. At the first hearing, Mr. Nadolsky testified that there were no jobs that the Plaintiff could perform, meaning that the Plaintiff is disabled. [Tr. 1303]. The ALJ did not explain why he rejected Mr.

---

[2] The Defendant's brief argues that the HALLEX procedures were not violated. Specifically, the HALLEX procedure provides, "The ALJ must weight *a* VE's opinion along with all other evidence." HALLEX I-2-5-48, 1994 WL 637379, at *1. The Defendant argues that the ALJ did weigh a vocational expert's opinion and was not required to weigh all the vocational experts' opinion. [Doc. 21 at 7]. Although this argument is supported by a strict interpretation of the language set forth in HALLEX, the Court has found no guidance on this issue.

10

Nadolsky's opinion, sought a new opinion, or accepted Mr. Flynn's opinion over the opinion of Mr. Nadolsky. The Defendant contends that the ALJ's decision was consistent with the HALLEX procedures because the ALJ did weigh *a* vocational expert's testimony. In light of Mr. Nadolsky's testimony as *a* vocational expert and the only vocational expert at the original hearing, the Court finds this argument unpersuasive.

The Court finds that, along with weighing Mr. Nadolsky's testimony, the ALJ must also weigh Mr. Flynn's testimony. On remand, the ALJ shall address why he sought new vocational expert testimony[3] and the weight given to Mr. Nadolsky. If Mr. Nadolsky's opinion is rejected or discounted, the ALJ shall explain his reasoning. The ALJ's statement during the hearing that he was uncertain that "the evidence supports that degree of limitation" is not explained at the time made, nor in his decision and simply does not suffice. The Court notes that it does not imply that significant weight should be given to either vocational expert; however, the ALJ must weigh both opinions and arrive at a well-reasoned decision.[4]

In a pragmatic sense, the Court should remand as well. To rule otherwise and follow the Commissioner's logic would allow ALJs to call multiple vocational experts until they obtained the result that they agreed with and then argue that they weighed the expert's opinion and claim it suffices. The unseemly nature of such a result dictates a remand in this case.

---

[3] His statement that "we had a hearing, a VE testified, I wanted testimony from another VE" really does not enlighten the Court as to any reasons or basis for the same, other than to ostensibly seek a different result. [Tr. 1225].

[4] The Court also notes that the transcript account of the ALJ's questioning of Dr. Flynn is seemly both erroneous and confusing, and appears to have been confusing for Dr. Flynn and the Plaintiff's attorney. There were questions about two different "lists" and one of which was not seen or reviewed by Dr. Flynn. Additionally, the ALJ referenced the Plaintiff's past work history including repeated references to her as a "telephone closer," which the ALJ took to be telephone sales and the vocational expert referenced as a telemarketer, [Tr. 1227, 1228, 1230], when the job was actually a "toe closer," a sewing machine operator closing toes on socks. [Nadolsky, Tr. 1301].

11

Case 3:11-cv-00286-TWP-CCS   Document 22   Filed 12/03/12   Page 11 of 12   PageID #: 106

## VI. CONCLUSION

In light of the Court's decision, the Court will not address the Plaintiff's request for a different ALJ. Accordingly, the Court recommends that the case be remanded so that the ALJ can weigh both vocational experts' opinions and explain the reasons for the weight given. For the foregoing reasons, it is hereby **RECOMMENDED**[5] that the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 15**] be **GRANTED** to the extent that it requests that this case be remanded to the Commissioner, and that the Commissioner's Motion for Summary Judgment [**Doc. 20**] be **DENIED**.

          Respectfully submitted,

          s/ C. Clifford Shirley, Jr.
          United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370 (6th Cir. 1987).